Argued January 19; reversed February 2, 1932

NEPPACH *v.* BEAUVAIS

(7 P. (2d) 559)

*Thomas Mannix,* of Portland (J. F. Hodler, of Portland, on the brief), for appellant.

*Bert S. Gooding,* of Portland (Robert R. Rankin, of Portland, on the brief), for respondent.

KELLY, J. On September 11, 1928, plaintiff instituted this action for the recovery of one Durant Star Model roadster. On the evening of August 9, 1928, defendant observed the car in question in the salesroom of one McDonald, alias Knight, at 61 Grand Avenue North, Portland. Defendant testified that at that time he agreed with the salesman in attendance to buy the car. Upon the following day, defendant returned to McDonald's place of business and paid $666 in money, and gave his note payable sixty days thereafter for $200, this being the balance of the purchase price.

On the 8th day of August, 1928, plaintiff herein instituted a suit for receivership against said McDonald. On the 10th day of August, 1928, one D. H. Kienow, by an order in said suit, was appointed receiver and given authority to take possession of the property of said McDonald, including the automobile in suit.

On January 22, 1930, an order was made in said suit wherein it was adjudged and decreed that plaintiff therein and herein is the owner and vested with full ownership of the automobile in suit and other property. No notice was given to the defendant herein that an application for such an order would be made.

The defendant, in his answer herein, claimed title to and right of possession of said automobile, alleged the wrongful taking and withholding thereof by plaintiff, and demanded judgment against plaintiff for recovery of said car or its value, and for damages because of its wrongful detention.

It is urged by plaintiff that, under the doctrine of lis pendens, defendant herein is bound by the order of the court in the suit in equity adjudging plaintiff to be the owner of the automobile, and hence, that this

cause should be reversed and an order entered to the effect that plaintiff is the owner and entitled to the possession of the car in suit, and to judgment for his costs and disbursements.

It is to be noted that the order in the suit in equity appointing Mr. Kienow as receiver contains this mandate:

"And further the said Kienow as receiver shall have the power and authority under this order to employ whatever help may be necessary in his judgment to carry out the purposes of the receivership and to safely conserve and to save all the assets involved, and the said receiver shall keep the said business open until the further order of this court."

■ This could mean nothing less than that the receiver should keep the salesroom open for business. There is a discretion on the part of the court to permit a receiver temporarily to carry on the business of which he is appointed receiver when the interests of the parties seem to require it: 53 C. J. 166, section 212, note 75, and cases there cited.

Miss Hazel Bodding testified as a witness, in behalf of plaintiff, that she was secretary and bookkeeper at McDonald's place of business; that from May 26, 1928, until August 1, 1928, she was paid by McDonald; and after the last mentioned date, she was paid by Mr. Kienow, the receiver. This witness further testified, with reference to the money paid by defendant herein as part of the purchase price of the car in suit, as follows:

"Q. And was there any money paid? A. Yes, $666.00, I believe.

"Q. Who received that money? A. Mr. McDonald.

"Q. Was that money given to you?

"A. No, I didn't have that money at the time.

"Q. How long did McDonald or Knight keep that money?

"A. He had it several days, and at the time he was arrested he turned it over to the receiver.

"Q. About when was he arrested?

"A. Oh, several days afterwards; three or four days afterwards. * * *.

"Q. Now what was done with that note—with the two hundred dollar note?

"A. Well, that was turned over to the receiver, but later on Mr. Beauvais came and demanded the note and the receiver turned the note over to Mr. Beauvais.

"Q. About when was it that Mr. Beauvais demanded the note?

"A. Well, I believe that it was about a month afterwards.

"Q. Who did he make the demand to? You?

"A. He came up to the office and demanded the note, yes.

"Q. What did he say? Use his language. What did he say, if you can recall it?

"A. Well, he said if we were to keep the car he wanted the note. He didn't think we should keep both the car and the note."

This testimony discloses that the purchase price of the car paid by defendant herein was received and accepted by the receiver.

Counsel for plaintiff herein offered in evidence a certified copy of an order from the federal court showing that the receiver Mr. Kienow still has the money in his possession, that he never turned it over to any one.

This was objected to by the defendant, and the objection was sustained. The testimony also discloses that defendant herein tendered the deferred payment of $200 to the receiver, and that, upon advice of counsel, the receiver refused to accept it.

██ It thus appears that with knowledge of the character of the transaction, by retaining the consider-

ation thereof, the receiver ratified the contractual relations with defendant by virtue of which defendant would be entitled to claim that the right of possession of the car in question passed to defendant. Under this state of the record, before defendant could be barred and foreclosed of his claim of right and title to the car in question by an order in the suit in equity, he would be entitled to notice thereof and an opportunity to be heard: *Pacific Lumber Co. v. Prescott,* 40 Or. 374 (67 P. 207). Notwithstanding that plaintiff in the suit is also plaintiff herein, and well knew that defendant herein was urging such a claim, no such notice appears to have been given to defendant herein, and no such opportunity was afforded him.

■ Moreover, under the order appointing the receiver, the right of possession of all the property of McDonald, including the car in suit, passed to the receiver. Assuming that the car in suit was part of property affected by the receivership, plaintiff herein had no right to its possession when this action of claim and delivery was instituted. That right was vested in the receiver, if not in the defendant herein. If it was not part of the property of the receivership, defendant could not in any way be affected by an order made in the suit in question.

■ We find nothing in the record upon which the doctrine of lis pendens would operate to bar defendant herein from asserting his claim of ownership and right to possession of the car in suit.

The verdict returned by the jury is as follows: (omitting the title of the case and the name of the foreman.)

"We, the jury, duly impaneled and sworn to try the above entitled cause, do find for the defendant for

the value of said car and for damages for its detention in the sum of Eleven Hundred Sixty Seven and No/100 Dollars, $1,167.00.''

The statute prescribes that, in an action for the recovery of specific personal property, if the jury find in favor of defendant and that he is entitled to a return thereof, the jury shall assess the value of the property, and at the same time they may assess the damages, if any are claimed in the pleading, which the prevailing party has sustained by reason of the detention, taking and withholding such property: Sec. 2-402, Oregon Code 1930.

Upon such a verdict, an alternative judgment may be rendered enabling the losing party to return the property and receive credit for its assessed value.

The verdict herein does not find that defendant is entitled to a return of the car in suit, neither does it set forth the assessed value of said car separately from the amount of damages sustained. Because of these defects in the verdict, the cause must be reversed and remanded; and it is so ordered.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.